IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Guardianship of: | ) | No. 36649-9-III |
| | ) | |
| ANDREA FAYE WILKINS, | ) | UNPUBLISHED OPINION |
| | ) | |
| An Incapacitated Person. | ) | |

PENNELL, J. — Judy Vrabel appeals the superior court's order denying her motion to revise an order appointing her adult daughter, Jody Stack, as guardian for her other adult daughter, Andrea Wilkins. We affirm the superior court and grant Ms. Stack's request for attorney fees and costs.

FACTS

Andrea Wilkins, an adult incapacitated person, moved in with her adult sister, Jody Stack, in April 2016. Prior to this, Ms. Wilkins lived with her mother, Judy Vrabel. Due to some family tensions, both Ms. Vrabel and Ms. Stack filed dueling petitions for guardianship of Ms. Wilkins. A court-appointed guardian ad litem (GAL) conducted an investigation and recommended Ms. Stack be appointed guardian. The GAL also noted that Ms. Vrabel had been collecting Social Security payments for Ms. Wilkins, despite the fact that Ms. Wilkins no longer lived with Ms. Vrabel.

The guardianship court ultimately followed the GAL's recommendation and appointed Ms. Stack as full guardian of Ms. Wilkins's person and estate. The court also

entered a judgment for the Social Security payments that had been improperly retained by

Ms. Vrabel.  Ms. Vrabel appeals the guardianship order.

## ANALYSIS

Ms. Vrabel's sole argument on appeal is that the guardianship court impermissibly

terminated her parental rights to Ms. Wilkins without a finding of parental unfitness.

This claim fails.  The guardianship court did not improperly terminate Ms. Vrabel's

parental rights because there were none remaining to terminate.  A parent's constitutional

right to involvement in childrearing only applies to minor children.  *In re Dependency of*

*Schermer*, 161 Wn.2d 927, 941, 169 P.3d 452 (2007) ("Parents have a fundamental

liberty interest in the care and welfare of their *minor children*.") (emphasis added); *In re*

*Guardianship of Cornelius*, 181 Wn. App. 513, 531, 326 P.3d 718 (2014).  Ms. Wilkins is

an adult.  The legal standards governing termination of parental rights are inapplicable

here.

## ATTORNEY FEES/COSTS

Ms. Stack requests attorney fees and costs, claiming Ms. Vrabel (1) lacks

standing to bring this appeal, (2) claims errors not raised before the guardianship court,

and (3) needlessly challenges what was a proper exercise of the guardianship court's

discretion.  *See In re Guardianship of Decker*, 188 Wn. App. 429, 445-46, 451-52,

353 P.3d 669, *review denied*, 184 Wn.2d 1015 (2015) (awarding attorney fees to guardian

who defended appeal by ward's former attorney who sought to "vindicate" ward's due process rights).

Ms. Stack's criticisms of Ms. Vrabel's arguments on appeal are well taken. We therefore grant Ms. Stack's request for fees and costs pursuant to RAP 18.1(a) and RCW 11.96A.150 (Attorney fees are available in guardianship matters "in such amount and in such manner as the court determines to be equitable.").

## CONCLUSION

The superior court's order denying revision of the appointment of Ms. Stack as guardian of Ms. Wilkins's person and estate is affirmed. Ms. Stack's request for attorney fees and costs is granted subject to her timely compliance with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, C.J.          Fearing, J.

3